UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                 :

UNITED STATES OF AMERICA              **SENTENCING**

                                 :         **SUBMISSION**

          - v. -

                                 :         08 Cr. 290 (JGK)

JAMES O'GARA,

                                 :

              Defendant.

                                 :

- - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - x

## SENTENCING SUBMISSION OF
## THE UNITED STATES OF AMERICA

 

PREET BHARARA
*United States Attorney for the*
*Southern District of New York*
*Attorney for the United States*
*of America*

Randall W. Jackson
Assistant United States Attorney
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :

UNITED STATES OF AMERICA                             :          **SENTENCING**
                                                                **SUBMISSION**
         - v. -                                      :

                                                     :          08 Cr. 290 (JGK)

JAMES O'GARA,                                        :

                         Defendant.                  :

                                                     :

- - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - x


        The Government respectfully submits this memorandum in advance of the sentencing of
defendant James O'Gara, scheduled for June 7, 2013, at 10:00 a.m. On May 23, 2013, the United
States Probation Department released a final Presentence Investigation Report (the "PSR") for
O'Gara.  The PSR calculates a Sentencing Guidelines range of 46 to 57 months' imprisonment.
The plea agreement between the Government and the defendant calculates a range of 27 to 33
months' imprisonment. For the reasons described in detail below, the Court should impose a
sentence sufficient, but not greater than necessary, to achieve the legitimate purposes of
sentencing.

**BACKGROUND**

        At approximately 2:30 p.m, on April 2, 2007, an individual, later identified as defendant
James O'Gara, entered the Country Bank branch at 4349 Katonah Ave., Bronx, NY, 10470,
wearing a blue and white jacket, a dark colored hat, and a nylon mesh mask.  (PSR ¶ 5). O'Gara
displayed what appeared to be a black handgun to the teller and demanded that she give him the
money under her control.  (PSR ¶ 5). The teller placed approximately $12,260 into a bag and
handed it to O'Gara, who then exited the bank. (PSR ¶ 5).

        Outside of the bank, a bystander observed O'Gara, wearing a mask, exiting the bank and
noted his clothing. (PSR ¶ 5-6).  Other witnesses observed O'Gara abandoning his clothing.
(PSR ¶ 6). Upon investigation of the area where O'Gara was observed, FBI agents recovered
clothing matching the description of that worn by the suspect, a dark colored bb gun, and a bag
containing the $12,260 that was taken from the bank. (PSR ¶ 6).

        On or about April 11, 2008, a federal judge in the Northern District of New York
authorized the FBI to obtain a DNA sample from O'Gara, which ultimately matched DNA taken
from the clothing of the bank robber. (PSR ¶ 6). After the FBI obtained the DNA sample from
O'Gara, he departed to Ireland. On April 2, 2008, a grand jury in the Southern District of New

2

York returned Indictment 08 Cr. 290 (JGK), charging O'Gara with robbing the bank. The Government subsequently sought O'Gara's extradition from Ireland, which O'Gara challenged. (PSR ¶ 7). On November 19, 2012, O'Gara arrived in New York pursuant to the extradition process.

## GUIDELINES CALCULATION

The November 1, 2012 Guidelines Manual is applicable in this case. (PSR ¶ 11). U.S.S.G § 2B3.1 is the guideline applicable to the instant offense. The PSR correctly calculates that the total offense level is 23. (PSR ¶ 23).

The defendant's Criminal History Category is I. (PSR ¶ 32). The applicable Guidelines range is therefore 46 to 57 months' imprisonment.[1]

## APPLICABLE LAW

The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  543 U.S. at 264.  As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)).  *Gall* v. *United States*, 128 S. Ct. at 597.

---

[1] The plea agreement between the Government and the defendant failed to include enhancements for the robbery of a financial institution and the use of a dangerous weapon, and therefore calculated a total offense level of 18, resulting in a Guidelines range of 27 to 33 months' imprisonment. (PSR ¶ 64).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall* v. *United States*, 128 S. Ct. at 597 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. at 594. *See also Rita* v. *United States*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall* v. *United States*, 126 S. Ct. at 597.

## DISCUSSION

The defendant's actions, robbing a bank in broad daylight, placed a number of people in danger and reasonable fear for their safety. Consideration of the defendant's actions, the Guidelines, and the factors the Court must consider under Section 3553(a) indicates that the Court should impose a significant prison sentence. While the Government believes that a sentence within the appropriately-calculated Guidelines range set out in the PSR would be one of the just options the Court could exercise, the Government does not argue that the Court should impose such a sentence. The defendant has argued in his submission that the Court should consider the 3553(a) factors and the defendant's history of substance of abuse. These factors, the defendant argues, militate in favor of a sentence within the range stipulated in the plea agreement. The Government does not contest that, considering the 3553(a) factors, a sentence within the range set out in the plea agreement would also constitute a just sentence.

**CONCLUSION**

For the foregoing reasons, the Government submits that the Court should impose a sentence sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.


Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York


By:                              /s/
Randall W. Jackson
Assistant United States Attorney
212-637-1029

5